## W. D. Lewis and Joe Devers v. The State.

### No. 3812. Decided November 17, 1915.

**Burglary—Husband and Wife—Evidence—Practice—Cross-Examination.**

Where, upon trial of burglary, the wife of the defendant was improperly examined with reference to matters not brought out in the examination-in-chief, and her testimony was not objected to at the time, but counsel for defendant asked the court to strike out said testimony, and withdraw same from the jury, which the court declined to do, the same was reversible error. Following Merritt v. State, 39 Texas Crim. Rep., 70.

Appeal from the District Court of Wichita. Tried below before the Hon. E. W. Nicholson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. Somerville,* for appellant.—On cross-examination of wife: Greenwood v. State, 35 Texas, 587; Stewart v. State, 106 S. W. Rep., 685; Hobbs v. State, 113 S. W. Rep., 308; Yeirel v. State, 119 S. W. Rep., 848; Johnson v. State, 162 S. W. Rep., 512.

On question of striking out testimony: Hall v. State, 106 S. W. Rep., 339.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Both appellants were convicted of burglary and the punishment of each assessed at two years confinement in the penitentiary.

There are several bills of exception in the record and a number of grounds noted in the motion for new trial, but there is only one that need be discussed, for it alone presents error. Appellants were charged with breaking into a house and stealing some chickens. Their sale was proven to have been made by appellants, in whose possession the chickens were found. In fact, the sale was admitted, and appellants contend that Lewis purchased the chickens from a peddler. He placed his wife on the stand as a witness, and she testified she saw her husband purchase the chickens from an old-looking man, and that her husband paid fifty cents each for the chickens. This is all the facts inquired about on direct examination. On cross-examination of appellant Lewis' wife, the State asked if she was not staying in jail; and, when she answered she was, she was asked if she was in jail for giving her husband a razor and key while in jail, and told him to lock Bob up while Bob was feeding them; and, while she denied those things, yet she was compelled to admit that she was there in jail charged with having committed that offense. This testimony was not objected to at the time it was adduced, but appellants' counsel did later file a motion asking the court to strike out the testimony; and, when the court refused to do so, he prepared and presented a special charge asking the court to instruct the jury not to consider this testimony. The court declined to strike out the testimony and refused to give the special charge on the ground that, as it was not objected to at the time it was introduced, the motion to strike out came too late. In this the court erred. If improper testimony is admitted, a motion to strike it out should be sustained if made at any time before the case is submitted to the jury. A wife can be cross-examined only in regard to matters about which she testified in chief. Arts. 794-795, C. C. P.; Merritt v. State, 39 Texas Crim. Rep., 79, and cases therein cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*